■ In the Matter of Loram Development Corporation, Respondent, v Planning Board of the Town of Huntington et al., Appellants.—In a proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the Huntington Town Planning Board, dated May 19, 1975, which, after a hearing, *inter alia,* disapproved petitioner's preliminary map, the appeal is from a judgment of the Supreme Court, Suffolk County, entered December 4, 1975, which (1) annulled the determination and (2) directed the planning board to approve the said map. Judgment modified by deleting therefrom the second and third decretal paragraphs (which *inter alia* directed the planning board to approve the preliminary map) and by substituting therefor a provision that the matter is remanded to the planning board for a new hearing and determination. As so modified, judgment affirmed, without costs or disbursements. Petitioner filed a preliminary map with the Huntington Town Planning Board, which map provided for the development of two-family homes on approximately 4.36 acres of land. After a public hearing, the planning board denied approval of the map, without prejudice to the submission of a new design utilizing cluster techniques. We agree with

Special Term that the planning board's findings are not supported by substantial evidence. The evidentiary material consists of letters and memoranda which are conclusory in nature and which were transmitted to the planning board subsequent to the hearing. Additionally, the planning board's findings pertaining to the purported excessive cost of the project do not furnish a proper ground for its denial of approval of the map. However, the planning board may, and must, consider the environmental impact of the plan. There is some evidence in the record that the projected construction will devastate and destroy the existing topography and have a severe impact on the environs. Moreover, a new hearing is necessary to afford all parties an opportunity to fully elaborate upon the proposed development and its resulting effects and, concomitantly, provide a full and complete record upon which the planning board may base its decision. Petitioner and the planning board should also give consideration to alternative, cluster development, should the property and its improvements prove economically and environmentally unfit for conventional development (see Town Law, § 281). Martuscello, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.